## Thompson Estate

*Cuthbert H. Latta* and *Smith, Best & Horn,* for accountants.

*John W. Pollins,* guardian ad litem.

COPELAND, P. J., June 20, 1963.—The question before the court concerns the right of an adopted child to share in the income under the fourth paragraph of decedent's will.

Marion Gordon Thompson died May 27, 1956, leaving her will dated September 20, 1950, and a codicil thereto dated February 12, 1953.

By article fourth of her will, Mrs. Thompson placed one-half of her residuary estate in trust and directed, inter alia, as follows:

"A. If my son, Rolland D. Thompson, survives me, thereafter during his lifetime:

"1. The net income shall be paid, per stirpes, to such of his descendants as are living from time to time as the income accrues; and

"2. As much of the principal as the corporate trustees may from time to time think desirable for the education, welfare, comfort, or support of any descendant of his shall be either paid to such descendant or else applied directly for his or her benefit by the corporate trustee; . . ."

Rolland D. Thompson is still living and this provision is still in force. He has two sons, Peter Barton Thompson and Michael Gordon Thompson, and until December 5, 1962, they were the only ones who could qualify as his descendants. On December 5, 1962, Rolland D. Thompson adopted a daughter, Amy Webster Thompson. The question arises: Does the adopted daughter qualify as a descendant?

The trustees under the will have filed an account for the purpose of raising this question and John W. Pollins, an attorney at this bar, was appointed guardian ad litem for the three children of Rolland D. Thompson, all of whom are minors.

The Wills Act of April 24, 1947, P. L. 89, sec. 14(6), provides:

"In construing a will making a devise or bequest to a person or persons described by relationship to the testator or to another, any person adopted before the death of the testator shall be considered the child of his adopting parent or parents and not the child of his natural parents . . ."

Since Amy Webster Thompson was adopted after the death of testatrix, this section of the act does not apply and, therefore, it is necessary to look to the case law for answer to this question.

It appears that this matter is ruled by the case of Collins Estate, 393 Pa. 195. In that case, the will provided that: "Upon the death of either of my said children leaving descendants . . . her surviving, to pay . . . principal . . . to such surviving descendants"; and it was held that surviving children adopted by testator's daughter after testator's death were descendants within the meaning of the will.

In the Collins case, both the Intestate Act of June 7, 1917, P. L. 429, and the Wills Act of June 7, 1917, P. L. 403, were inapplicable as are the present acts in this case. However, the court said, at pages 211-212:

"Neither etymologically nor historically has the word 'descendants' acquired such significance that it points unerringly in this will—in the face of the legally accepted equation of status of an adopted child and a natural child—to an intent to exclude from a testatrix's bounty children legally adopted by her children.

"After years of lip service to the legislative mandate it is appropriate that we recognize the rights which

the legislature granted adopted children. Etymologically, 'descendants' can include those not of the blood; historically, socially and by legislative mandate the status of an adopted child has equated with that of a natural child. Are we going to read into the terms of this will an intent upon the part of testatrix to exclude the 'chosen' children of her own children—those whom the law equates with children of the blood—and assume that testatrix indicated descent only through blood lines when other provisions of her will contradict this idea? Under the law as it stood when testatrix died, an adopted child had *all* the rights of a natural child; when a will's terms are consonant with this broadened conception of adoption we will not, in the absence of any evidence, impute to testatrix a discriminatory attitude."

The status of adopted children in Pennsylvania is even firmer now than it was in 1921, the date of testatrix' death in the Collins case. Accordingly, this is a stronger case for holding that the word "descendants" as used by testatrix included the adopted child.

That testatrix in the instant case did not intend to leave the trust fund to blood relatives alone is indicated by article fourth (B), wherein Rolland D. Thompson, the father of the children in question, is given a power of appointment among "his descendants and their spouses", thus including those not in the blood line.

This case is thus distinguished from Holton Estate, 399 Pa. 241, and Tower Estate, 410 Pa. 389. The important word in the Holton Estate was "children", and in that case the children concerned were children adopted after the execution of the will, which was the critical time set forth under the Wills Act of 1917. There the court held that the word "children" meant children in the blood line and not adopted children.

The same situation exists in the Tower Estate where the word "children" was used in the will, and there it

was held that by the language used testator intended to include only relatives of his blood and not adopted children.

For the above reasons, the court is of the opinion, and so holds, that Amy Webster Thompson is entitled to share in the income from the trust set up under article fourth of the will of Marion Gordon Thompson from the time that she was adopted, December 5, 1962.